## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**HORACE CRUMP,**

            **Plaintiff,**          **CIVIL ACTION NO. 11-CV-12146**

      **vs.**             **DISTRICT JUDGE DENISE PAGE HOOD**

**MICHIGAN DEPARTMENT OF**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CORRECTIONS, et al.,**

           **Defendants.**

_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**  This Court recommends that Plaintiff's Motion For Temporary Restraining Order (docket no. 3) and Motion For Preliminary Injunction (docket no. 4) be **DENIED**.

**II.**    **REPORT**:

      This matter is before the Court on Plaintiff's Motion For Temporary Restraining Order (docket no. 3) and Motion For Preliminary Injunction (docket no. 4). The motions were filed before service of process was executed against Defendants and are unopposed, although Defendants have filed a separate Motion For Summary Judgment (docket no. 14). All pretrial matters have been referred to the undersigned for action. (Docket no. 8). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The Court has reviewed Plaintiff's briefs and exhibits and is now ready to rule on the Motions For Temporary Restraining Order and Preliminary Injunction pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**    **Facts**

      Plaintiff Horace Crump, a state prisoner currently incarcerated at the G. Robert Cotton

Correctional Facility ("JCF") in Jackson, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of the First, Eighth, and Fourteenth Amendments of the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*. (Docket no. 1). Defendants are the Michigan Department of Corrections ("MDOC"), former MDOC Director Patricia Caruso, MDOC Deputy Director Dennis Straub, Correctional Facilities Administration ("CFA") Special Activities Coordinator Michael Martin, MDOC Chaplain Advisory Council Representative Mohammad Mardini, Women's Huron Valley Chaplain Rawdan Mardini, Reception and Guidance Center Chaplain Isa Abdul-Basir, MDOC Vendor Darus Salam, JCF Warden Debra Scutt, and JCF Captain Sherman Campbell. Plaintiff seeks damages and declaratory and injunctive relief based on Defendants' alleged constitutional violations.

Plaintiff is a Shi`a Muslim who alleges that Defendants endorsed the Wahhabi sect of the Islamic religion, an allegedly anti-Shi`a sect, and in doing so created an environment in which it is impossible for Plaintiff to safely practice his faith. (Docket no. 1). Plaintiff alleges that Defendant Mohammad Mardini, the Chaplain Advisory Council (CAC) Representative, and Defendant Chaplains Rawdan Mardini and Isa Abdul-Basir are of the Wahhabi sect of Islam. (Docket no. 1, ¶ 8). He contends that the Mardinis, with the approval of Defendants Caruso, Straub, and Martin, selected Wahhabi vendor Defendant Darus-Salam as the MDOC vendor for Islamic materials. (Docket no. 1, ¶¶ 7, 9). Plaintiff states that Defendant Darus-Salam's religious materials contain lies about and incite violence against Shi`a Muslims. (Docket no. 1, ¶ 10). Plaintiff further claims that after he was transferred to JCF, a prison he characterizes as a Wahhabi stronghold, Wahhabi prisoners threatened him and physically assaulted him for participating in religious activities.

2

(Docket no. 1, ¶¶ 13-21).  Plaintiff claims that he notified Defendants of the prison conditions but his complaints have been ignored.  (Docket no. 1, ¶¶ 12, 15, 16, 20).

The instant Motions For Temporary Restraining Order and Preliminary Injunction seek injunctive relief on behalf of Plaintiff and four nonparty Shi`a prisoners who submitted affidavits in support of separate federal lawsuits Plaintiff has filed.  (Docket nos. 3, 4; Docket no. 1, affidavits of McConnell Adams, Jr., Gino Germani, Stafnie Frank Booker, and Andra Young).  Specifically, Plaintiff seeks a preliminary and permanent injunction ordering Defendant MDOC to immediately transfer Plaintiff and the four nonparty prisoners to a prison where they can attend Shi`a Muslim services under the leadership of Imam Hassan Qazwini of the Islamic Center of America; transfer Al-Islam service attendees/anti-Shi`a Wahhabi prisoners; and give Shi`a their allotted time, funds, and staffing.  (Docket no. 1, p. 9).

**B.      Governing Law**

Rule 65, Fed.R.Civ.P., authorizes the issuance of both preliminary injunctions and temporary restraining orders.  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir.2002).  In deciding motions for a preliminary injunction, the Court considers whether: (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest will be served by issuance of the injunction.  *Id*. (citation omitted).

**C.      Analysis**

Injunctive relief is reserved for the extraordinary case.  *Id*.  MDOC Policy Directive ("PD")

3

05.03.150 states that prisoners are permitted to exercise their religious beliefs but must do so "within the constraints necessary for the order and security of the facility."  (Docket no. 1, ex. A).   If resources are limited, major faith groups may be required to hold joint services, e.g., there may only be one non-sectarian service for all Islamic prisoners.  P.D. 05.03.150(X)(1).  The MDOC recognizes the Al-Islam (Muslim) religion. (Docket no. 1, ex. A).  All prisoners, however, are given access to clergy members, including clergy for a religious group that has not been formerly recognized by the MDOC.  PD 05.03.150(ZZ).  If a prisoner believes a particular religious group should be recognized by the MDOC but is not, he may request Department recognition by submitting a written request to the Warden, FOA Regional Administrator, or designee, as appropriate.  PD 05.03.150(L).  A religious group will be granted recognition if it is determined to be a bona fide religious group with beliefs and practices not adequately represented by an existing recognized religious group.  PD 05.03.150(M).

Plaintiff's submissions do not demonstrate that Defendant Darus-Salam is disbursing anti-Shi`a materials that are inciting violence against Shi`a Muslims, or that Defendants Caruso, Straub, Martin, and the Mardini Defendants have created a dangerous anti-Shi`a atmosphere within the prison system.  He has not provided objective evidence to prove that he was assaulted because of his religious practices, that Defendants knowingly disregarded a substantial risk to Plaintiff's safety, or that prison conditions deprived him of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981); *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  The evidence submitted with the instant motions fails to show that MDOC PD 05.03.150 does not satisfy legitimate penological interests or the compelling governmental interest requirement of Plaintiff's First Amendment and RLUIPA claims. *See Horacek v. Burnett*, No. 07-11885, 2008 WL 4427825,

4

at *5 (E.D. Mich. Aug. 19, 2008).  Thus, Plaintiff has not demonstrated that he has a strong or substantial likelihood of success on his underlying claims.

Plaintiff has also failed to show a strong likelihood that without the granting of the requested injunction he will suffer irreparable injury.  Although Plaintiff complains of a past physical assault, and states that since he filed this complaint Defendants Scutt, Campbell, and others have engaged in a campaign of retaliatory acts and a conspiracy against him (docket no. 12), there is no objective evidence to substantiate his claims.  His claims of irreparable injury are speculative.

A prisoner has no independent constitutional right to confinement in a particular prison, and has no right to be transferred to a prison facility of his choice.  *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).  Nor does a prisoner have a right to demand that the prison system transfer other prisoners to a facility of his choosing.  Granting Plaintiff's motions would likely harm the orderly operation of the prison and will not serve the public interest.  Plaintiff's motions should be denied.

## III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n Of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 9, 2011                    s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Horace Crump and Counsel of Record on this date.

Dated: November 9, 2011                    s/ Lisa C. Bartlett
                                           Case Manager