**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**HORACE CRUMP,**

       **Plaintiff,**              **CIVIL ACTION NO. 11-CV-12146**

    **vs.**                            **DISTRICT JUDGE DENISE PAGE HOOD**

**MICHIGAN DEPARTMENT OF**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**CORRECTIONS, et al.,**

       **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** This Court recommends that Defendants' Motion For Summary Judgment (docket no. 14) be **GRANTED IN PART AND DENIED IN PART**, Plaintiff's Motion Asking How To Proceed (docket no. 19) be **DENIED AS MOOT**, and Plaintiff's Rule 11(c)(2) Motion For Sanctions (docket no. 20) be **DENIED**.

**II.**    **REPORT**:

This matter is before the Court on three motions. The first motion is the Motion For Summary Judgment filed by Defendants Michigan Department of Corrections ("MDOC"), Isa Abdul-Basir, Radwan Mardini, Patricia Caruso, Sherman Campbell, Michael Martin, Debra Scutt, and Dennis Straub. (Docket no. 14). Plaintiff filed a response. (Docket no. 15). Defendants filed a reply. (Docket no. 17). Plaintiff subsequently filed two motions: a Motion Asking How To Proceed (docket no. 19) and a Rule 11(c)(2) Motion For Sanctions (docket no. 20).[1] Defendants did

---

[1] In addition, Plaintiff filed a Motion For Judgment On The Pleadings And/Or Summary Judgment (docket no. 16) which is pending before the Court.

1

not file responses to these motions and the time for responding has expired. All pretrial matters have been referred to the undersigned for action. (Docket no. 8). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The Court is now ready to rule on the motions pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.    Facts**

Plaintiff Horace Crump, a state prisoner currently incarcerated at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of the First, Eighth, and Fourteenth Amendments of the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. (Docket no. 1). Defendants are the Michigan Department of Corrections ("MDOC"), former MDOC Director Patricia Caruso, MDOC Deputy Director Dennis Straub, Correctional Facilities Administration ("CFA") Special Activities Coordinator Michael Martin, MDOC Chaplain Advisory Council Representative Mohammad Mardini, Huron Valley Facility Chaplain Radwan Mardini, Reception and Guidance Center Chaplain Isa Abdul-Basir, MDOC Vendor Darus Salam, JCF Warden Debra Scutt, and JCF Captain Sherman Campbell. (Docket nos. 1, 14).

In his complaint Plaintiff alleges that Defendants endorse an anti-Shi`a, Wahhabi Islamic sect within the prison and by doing so have created an environment in which it is impossible for him to safely practice his Shi`a faith. Plaintiff alleges that he requested an investigation from the MDOC Internal Affairs Office and the Michigan Legislature Corrections Ombudsman concerning the anti-Shi`a conditions at Lakeland Correctional Facility ("LCF"). (Docket no. 1, ¶¶ 12). Plaintiff states that shortly after he made his request he was transferred to JCF, a prison he characterizes as a

Wahhabi stronghold. Plaintiff states that upon arrival at JCF he was immediately threatened and informed by Wahhabi prisoners that he could not perform his obligatory Friday prayer. He states that he informed Defendants of "the whole situation" and requested a transfer, but his request was denied. (Docket no. 1, ¶ 15). Plaintiff contends that he was interviewed by Ombudsman investigators on January 14, 2011 concerning his complaints about conditions at LCF. He claims that he was stabbed in his cell by an unknown prisoner several days after the interview. (Docket no. 1, ¶ 18). Plaintiff states that he reported the incident to Defendants but nothing was done. (Docket no. 1, ¶¶ 19-20).

Plaintiff seeks damages and requests a preliminary and permanent injunction ordering Defendant MDOC to immediately transfer Plaintiff and four nonparty Shi`a prisoners to a prison where they can attend Shi`a Muslim services under the leadership of Imam Hassan Qazwini of the Islamic Center of America; transfer Al-Islam service attendees/anti-Shi`a Wahhabi prisoners; and give Shi`a their allotted time, funds, and staffing. (Docket no. 1).

**B.     Governing Law**

Defendants the MDOC, Isa Abdul-Basir, Radwan Mardini, Patricia Caruso, Sherman Campbell, Michael Martin, Debra Scutt, and Dennis Straub move for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies. Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is

mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

**C.     Analysis**

*1.     Exhaustion*

Defendants submitted a copy of MDOC PD 03.02.130 governing prisoner grievances, a printout of Plaintiff's MDOC Grievance Inquiry Screen, and a copy of grievance JCF-11-04-0694-28e. (Docket no. 14, exs. A-C). The documents show that Plaintiff filed two Step III grievance appeals at JCF from May 2009 to present, JCF-11-03-0552-12i and JCF-11-04-0694-28e. (Docket no. 14, ex. B). Both appeals were received at Step III on May 17, 2011, the day Plaintiff filed the instant complaint. (Docket no. 14, ex. B). Defendants contend that the MDOC's administrative review of JCF-11-03-0552-12i was still not complete when they filed the instant Motion For Summary Judgment. (Docket no. 14, at p. 5). As for grievance JCF-11-04-0694-28e, Defendants show that it was rejected as untimely at Step I and affirmed on that basis at Steps II and III. (Docket no. 14, ex. C).

The Sixth Circuit has ruled that a prisoner may not exhaust his administrative remedies during the pendency of a federal lawsuit. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999) (citing *Larkins v. Wilkinson*, No. 97-4183, 1998 WL 898870, at *2 (6th Cir. Dec. 17, 1998)). Therefore, even if a prisoner attempted to process a claim through the MDOC's grievance procedure, his complaint must be dismissed if it was filed before the administrative process was complete. *Freeman*, 196 F.3d at 645. Further, where a prisoner's grievance is rejected by the prison as untimely, that claim is not properly exhausted under 42 U.S.C. § 1997e. *Woodford v. Ngo*, 548

U.S. at 83; *Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir.2009).  Because the MDOC received Plaintiff's Step III appeals pertaining to grievances JCF-11-03-0552-12i and JCF-11-04-0694-28e on the day he filed this lawsuit, neither of these grievances exhausted his claims against these Defendants.

Plaintiff argues that JCF-11-04-0694-28e should not have been rejected as untimely because it should have been referred to Internal Affairs in accordance with prison policy.  MDOC PD 03.02.130(Q) states that a prisoner in a Correctional Facilities Administration ("CFA") institution may file a Step I grievance directly with the inspector of the institution at which he is housed instead of with the grievance coordinator if the grievance alleges conduct which falls under the jurisdiction of the Internal Affairs Division.  (Docket no. 14, ex. A).  All grievances alleging matters under the jurisdiction of Internal Affairs must be referred to the Internal Affairs Division for review under MDOC PD 01.01.140, even if the grievance would otherwise be rejected.  (Docket no. 14, ex. A).  Independent of whether a grievance must be referred to Internal Affairs, the grievance must be filed within the time limits established for filing a grievance at Step 1.  *See Dorch v. Crittenden*, No. 09-13936, 2010 WL 3245769, at *5 (E.D. Mich. July 20, 2010); *McMurry v. Caruso*, N. 07-CV-716, 2008 WL 5422853, at *4 (W.D. Mich. Dec. 30, 2008).

The parties did not submit a copy of the MDOC policy governing Internal Affairs.  Nonetheless, a district court is permitted to take judicial notice of public records and government documents, including those available from reliable sources on the Internet.  *See United States v. BioPort Corp.,* 270 F.Supp.2d 968, 972 (W.D. Mich. 2003).  MDOC PD 01.01.140, obtained from the Internet website for the Michigan Department of Corrections, *see* http://www.michigan.gov/corrections/0,4551,7-119-1441_44369—,00.html, states that the Internal

Affairs Division has jurisdiction to investigate allegations of employee misconduct relating to: (1) staff sexual misconduct; (2) staff overfamiliarity with prisoners; (3) conduct which would constitute a felony or misdemeanor; (4) work rule or policy violations; and (5) conduct which would likely result in the employee being discharged from employment under PD 02.03.100 "Employee Discipline." Plaintiff has not demonstrated that the content of grievance JCF-11-04-0694-28e falls under the jurisdiction of Internal Affairs. He also has not demonstrated that grievance JCF-11-04-0694-28e was filed within the proper time lines. The Court should find that JCF-11-04-0694-28e does not exhaust Plaintiff's claims against Defendants.

Next, Plaintiff argues that his claims were exhausted by grievance LCF-2010-10-2027-28G, which he filed while incarcerated at the Lakeland Correctional Facility ("LCF") in Coldwater, Michigan. Grievance LCF-2010-10-2027-28G complains of the deplorable conditions of Shi`a Muslim prisoners in MDOC facilities. The grievance identifies MDOC Director Patricia Caruso, Special Activities Coordinator Michael Martin, Chaplains Advisory Council Member Mohammad Mardini, and Chaplain Radwan Mardini. Grievance LCF-2010-10-2027-28G states in part that Shi`a prisoners are being forced with the full knowledge of Caruso and Martin to attempt to worship and live with openly hostile and violent Wahhabi Muslim prisoners, who are reacting to disparaging, slanderous, and vehement anti-Shi`a hate-tracts distributed by MDOC-approved vendors. (Docket no. 15).

Plaintiff shows that grievance LCF-2010-10-2027-28G was rejected at Step I for lack of jurisdiction because the grievance "does not pertain to any Staff member, or any issue" the LCF facility could address. (Docket no. 15, Step I grievance response). The Step II grievance response upheld the Step I determination. Although the record does not contain the Step III grievance

6

response, the record indicates that Plaintiff did file a Step III appeal. (Docket no. 15, Step II Prisoner Grievance Appeal Form).

The Court agrees that a grievance filed at Lakeland Correctional Facility would not properly grieve issues against staff at other prison facilities, such as against Huron Valley Chaplain Radwan Mardini. It is not as obvious, however, why grievance LCF-2010-10-2027-28G was not construed as a grievance against Defendant Caruso and Michael Martin. It is the opinion of the undersigned that a genuine issue of fact remains as to whether LCF-2010-10-2027-28G exhausts Plaintiff's claims against Defendants Caruso and Martin.

Based on the foregoing, the Court should find that Plaintiff failed to exhaust his claims against Defendants MDOC, Isa Abdul-Basir, Radwan Mardini, Sherman Campbell, Debra Scutt, and Dennis Straub. The Court should further find that a genuine issue of material fact remains as to whether Plaintiff exhausted his claims against Defendants Caruso and Martin under grievance LCF-2010-10-2027-28G . Accordingly, Defendants' Motion For Summary Judgment should be denied as to Defendants Caruso and Martin, and granted as to Defendants the MDOC, Isa Abdul-Basir, Radwan Mardini, Sherman Campbell, Debra Scutt, and Dennis Straub.

*2.     Plaintiff's Rule 11(c)(2) Motion For Sanctions*

Plaintiff moves for Rule 11 sanctions, arguing that Defendants have purposely confused the issue of exhaustion in an effort to have this Court dismiss Plaintiff's lawsuit. Federal Rule of Civil Procedure 11(c) permits the Court to impose sanctions against an attorney or party who has filed and signed a pleading, motion or other paper if it was filed for any improper purpose and it had no basis in law or fact. *Hartleip v. McNeilab, Inc.*, 83 F.3d 767, 778 (6th Cir.1996). "The test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the

7

circumstances." *Id.* The imposition of sanctions for Rule 11 violations is discretionary, not mandatory. *Id.*

As a preliminary matter, the record shows that Plaintiff satisfied the safe harbor provision of Rule 11, which requires the moving party to first serve the motion on the offending party for a period of at least 21 days, then file the motion with the court. Fed. R. Civ. P. 11(c)(2). (Docket nos. 18, 20). Having considered Plaintiff's motion, it is the opinion of the undersigned that Rule 11 sanctions are not warranted in this case. Defendants' Motion For Summary Judgment is not so fraught with factual and legal inaccuracies as to warrant sanctions against Defendants or their counsel. Nor is it clear that Defendants filed their motion for an improper purpose. The Court recommends that Plaintiff's motion for sanctions be denied.

*3.     Plaintiff's Motion Asking How To Proceed*

Plaintiff filed a Motion Asking How To Proceed (docket no. 19), alleging that he is being prevented by Defendants and their counsel's cohorts from exhausting his claims. In light of this recommendation related to Defendants' Motion For Summary Judgment, the Court recommends that Plaintiff's Motion Asking How To Proceed be denied as moot.

## III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 14, 2011     s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Horace Crump and Counsel of Record on this date.

Dated: November 14, 2011     s/ Lisa C. Bartlett
                             Case Manager