UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP,

        Plaintiff,

v.                                                                           Case No. 11-CV-12146
                                                                        Honorable Denise Page Hood
MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

        Defendants.

        _____/

**<u>ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF, GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR RULE 11(C)(2) SANCTIONS, AND DEEMING MOOT PLAINTIFF'S MOTION ASKING HOW TO PROCEED</u>**

**I.  INTRODUCTION**

        This matter is before the Court on two Report and Recommendations (R&R) from Magistrate Judge Mona K. Majzoub. Objections were filed.

**II.  STANDARD OF REVIEW**

        When examining a Magistrate Judge's Report and Recommendation, 28 U.S.C. § 636 governs the standard of review. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

**III.  FACTS**

This is a 42 U.S.C. § 1983 *pro se* civil rights action. Plaintiff Horace Crump is state prisoner at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan. Defendants are the Michigan Department of Corrections ("MDOC"), former MDOC Director Patricia Caruso, MDOC Deputy Director Dennis Straub, Correctional Facilities Administration ("CFA") Special Activities Coordinator Michael Martin, MDOC Chaplain Advisory Council Representative Mohammed Mardini, Women's Huron Valley Chaplain Rawdan Mardini, Reception and Guidance Center Chaplain Isa Abdul-Basir, MDOC Vendor Darus Salam, JCF Warden Debra Scutt, and JCF Captain Sherman Campbell. Plaintiff alleges violations of the First, Fourth, and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). He is seeking damages and declaratory relief.

The Court adopts the Magistrate Judge's findings of fact.

## IV.   ANALYSIS

### A.   Motions for Temporary Restraining Order and Preliminary Injunction

The Court first turns its attention to the Magistrate Judge's recommendation to deny Plaintiff's motion for temporary restraining order and motion for preliminary injunction. Defendants have not filed any objections.

Plaintiff makes four objections to the Magistrate Judge's recommendation. First, Plaintiff argues that the Magistrate Judge cannot use MDOC Policy Directive ("PD") 05.03.150 to invalidate his claim that Defendants failed to follow PD 05.03.150. He notes that this action is based on Defendants' violation of their own policy and the Magistrate Judge's reliance on the policy is "mis-applied, unfair, etc." [Docket No. 25]. Second, Plaintiff contends that his pleadings should be sufficient to satisfy the requirements for a temporary restraining order and permanent injunction given this action's pre-discovery stage. Third, Plaintiff argues that the

Magistrate Judge's reliance on his lack of objective evidence in deciding that he would not likely suffer irreparable injury is unfounded. Finally, Plaintiff argues that it is not required that his requested relief is constitutional. He notes that the relief that he seeks is meant to protect his own constitutional rights.

The Court accepts and adopts the Magistrate Judge's recommendation.

As to Plaintiff's first objection, the Court finds no error in the Magistrate Judge's application of PD 05.03.150, which governs the exercise of religious beliefs in prison and the recognition of religious groups. Plaintiff alleges a violation of PD 05.03.150 and the Magistrate Judge must look to it to determine whether Plaintiff has demonstrated a likelihood of success. *See Horacek v. Burnett*, 2008 WL 4427825, at *5 (E.D. Mich. Aug. 19, 2008).[1]

Plaintiff's second and third objections appear to be of the same vein. As stated by the Magistrate Judge, injunctive relief is an extraordinary remedy. *Overstreet v. Lexington-Fayette Urban Cnty Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Given the nature of injunctive relief, Plaintiff cannot merely rest on his pleadings and allegations without any support or evidence that the circumstances require such relief. Plaintiff has not presented any evidence that would warrant injunctive relief by showing he is likely to succeed on the merits. His request must be denied.

Finally, the Magistrate Judge was correct in her analysis of the final two requirements for injunctive relief: whether the injunction would cause substantial harm to others and whether the public interest is served by issuing an injunction. The Court understands that Plaintiff is seeking the protection of his own constitutional rights. However, Plaintiff has no right to be confined in a prison of his choice. *Olim v. Wakinekona,* 461 U.S. 238, 245 (1983). To require the prison to

---

[1] When determining whether a preliminary injunction is appropriate, the Court considers: (1) whether the movant has shown a substantial likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction does not issue; (3) whether the injunction would cause substantial harm to others; and (4) the public interest in issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

transfer Plaintiff and others of his group to a prison of their choosing would disrupt the administration of the prison, especially considering the likelihood of success on the merits of Plaintiff's claims. The public has an interest in the orderly operation of prisons and that such order is not disrupted whenever a prisoner decides that he would like to be transferred to another prison. The Court denies Plaintiff's motion for temporary restraining order and motion for preliminary injunction.

### B. Defendants' Motion for Summary Judgment

The Magistrate Judge recommends that the Court grant in part Defendants' motion for summary judgment. The Magistrate Judge found that Plaintiff failed to exhaust his administrative remedies against Defendants MDOC, Isa Abdul-Bassir, Radwan Mardini, Sherman Campbell, Debra Scutt, and Dennis Straub. The Magistrate Judge further found that there was a genuine issue of material fact as to whether Plaintiff's claims were exhausted against Defendants Patricia Caruso and Michael Martin.

Plaintiff and Defendant each filed one objection to the Magistrate Judge's recommendation. Plaintiff argues that Chaplain Radwan Mardini is not being sued as a chaplain at another prison. Plaintiff provided Chaplain Mardini's affidavit indicating that he is the chaplain at the Huron Valley Complex. [Docket No. 1]. Plaintiff was an inmate at Lakeland Correctional Facility when the grievance was filed. The grievance procedure against Defendant Mardini is not exhausted because the grievance against him could not be addressed by the Lakeland Correctional Facility given that Defendant Mardini is stationed at Huron Valley Complex. The Court will not entertain this assertion.

Defendants contend that Plaintiff's remaining allegation, which is that Shi'a prisoners are being forced with the full knowledge of former MDOC Director Patricia Caruso and Special

4

Activities Coordinator Michael Martin to worship and live in an openly hostile environment (and therefore prohibited the free exercise of religion), does not concern Defendants Patricia Caruso and Michael Martin. Defendants raise this argument for the first time in their objection to the Magistrate Judge's report and recommendation. The Court need not consider this argument now because the Magistrate Judge has not had an opportunity to consider the issue. *See Murr v. United States*, 200 F.3d 895, 902-03, n.1 (6th Cir. 2000) (noting that *de novo* review of the Magistrate Judge's report and recommendation, "absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.")

The Court accepts and adopts the Magistrate Judge's report and recommendation and finds that Plaintiff failed to exhaust his claims against Defendants MDOC, Isa Abdul-Basir, Radwin Mardini, Sherman Campbell, Debra Scutt and Dennis Straub. The Court also finds that a genuine issue of material fact remains as to whether all claims were exhausted against Defendants Caruso and Martin in grievance LCF-2010-10-2027-28G.

      **C.**     **Plaintiff's Motions Asking How to Proceed and for Rule 11(c)(2) Sanctions**

The Magistrate Judge recommends that the Court deem moot Plaintiff's motion asking how to proceed, and deny Plaintiff's motion for Rule 11(c)(2) sanctions. Neither Plaintiff nor Defendant object to the Magistrate Judge's recommendation. The Court accepts and adopts the Magistrate Judge's recommendation and finds Plaintiff's motion for sanctions denied and motion asking how to proceed deemed moot.

**III.   CONCLUSION**

For the reasons stated above,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation regarding Plaintiff's motions for temporary restraining order and preliminary injunction **[Docket No. 22 , filed November 9, 2011]** is **ACCEPTED AND ADOPTED** as this Court's findings.

**IT IS FURTHER ORDERED** that Defendants' Motion for Temporary Restraining Order **[Docket No. 3, filed May 17, 2011]** and Motion for Preliminary Injunction **[Docket No. 4, filed May 17, 2011]** are **DENIED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation regarding Defendants' motion for summary judgment and Plaintiff's motion asking how to proceed and motion for Rule 11(c)(2) sanctions **[Docket No. 23, filed November 14, 2011]** is **ACCEPTED AND ADOPTED** as this Court's findings.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment **[Docket No. 14, filed August 15, 2011]** is **GRANTED IN PART**. Defendants Michigan Department of Corrections, Isa Abdul-Basir, Radwan Mardini, Sherman Campbell, Debra Scutt and Dennis Straub are **DISMISSED.** The remaining Defendants are Patricia Caruso and Michael Martin.

**IT IS FURTHER ORDERED** that Plaintiff's motion asking how to proceed **[Docket No. 19, filed October 11, 2011]** is deemed **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions **[Docket No. 20, filed October 20, 2011]** is **DENIED**.

**Dated:  March 26, 2012**            s/Denise Page Hood
                                       DENISE PAGE HOOD
                                       UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, Monday, March 26, 2012, by electronic and/or ordinary mail.

                                       s/Julie Owens
                                       Case Manager, (313) 234-5160