UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP,

       Plaintiff,            CIVIL ACTION NO. 11-CV-12146

  vs.                            DISTRICT JUDGE DENISE PAGE HOOD

MICHIGAN DEPARTMENT OF     MAGISTRATE JUDGE MONA K. MAJZOUB
CORRECTIONS, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** This Court recommends that Plaintiff's Motion for Judgment on the Pleadings and/or for Summary Judgment (docket no. 16) be **DENIED**.

**II.**    **REPORT**:

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings and/or for Summary Judgment. (Docket no. 16). Defendants failed to respond to the motion and the time for responding has expired. All pretrial matters have been referred to the undersigned for action. (Docket no. 8). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The Court has considered Plaintiff's briefs and exhibits and has conducted an independent review of the record, and is now ready to rule on the motion pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.**    **Facts**

Plaintiff Horace Crump filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of the First, Eighth, and Fourteenth Amendments of the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C.

§ 2000cc, *et seq*. (Docket no. 1 at pp. 9-10). All Defendants other than Patricia Caruso, Michael Martin, and Darus Salam have been dismissed. Plaintiff alleges that Defendants have endorsed the Wahhabi sect of the Islamic religion and in doing so have created an environment hostile to Plaintiff's Shi`a faith. (Docket no. 1). Plaintiff seeks damages, declaratory relief, and a permanent injunction ordering the Michigan Department of Corrections to immediately transfer Plaintiff and four nonparty prisoners to a prison where they can attend Shi`a Muslim services under the leadership of Imam Hassan Qazwini of the Islamic Center of America; transfer Al-Islam service attendees/anti-Shi`a Wahhabi prisoners; and give Shi`a their allotted time, funds, and staffing. (Docket no. 1, p. 9).

**B.     Governing Law**

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Motions for judgment on the pleadings are reviewed under the same standard used for reviewing a motion under Fed. R. Civ. P. 12(b)(6). *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). The Court must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief. *Id*. (citations omitted).

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla

of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.      Analysis**

In support of his motion Plaintiff submits a Religious Charter for the Shi`a Prison Network, an "affidavit" of Fadhei Al-Sahlani, Imam of the Imam Al-Khoei Islamic Center in New York, in which the Imam discusses Halal slaughter, and a Request for Recognition of Shi`a Islam sent by Plaintiff on April 4, 2008 to the Warden of the Straits Correctional Facility in Kincheloe, Michigan. (Docket no. 16). In addition, Plaintiff submits a Notice of Intent to Classify to Segregation dated January 4, 2009 showing that Plaintiff was assaulted by an unknown person in the prison. Further, Plaintiff submits a copy of an affidavit that was filed in an entirely separate case, the affidavit of retired MDOC Special Activities Coordinator Dave Burnett. Finally, Plaintiff submits a copy of the MDOC's Kosher Meal Program, Policy Directive 05.03.150-A.

The Court has reviewed Plaintiff's exhibits and concludes that none of the exhibits address the actions of Defendants Caruso, Martin, or Salam or provide any proof that any of these three Defendants violated Plaintiff's rights under the RLUIPA or the First, Eighth, or Fourteenth Amendments of the United States Constitution. Accordingly, this Court recommends that Plaintiff's motion be denied.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a

waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 13, 2012                             s/ Mona K. Majzoub
                                                 MONA K. MAJZOUB
                                                 UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Horace Crump and Counsel of Record on this date.


Dated: June 13, 2012                             s/ Lisa C. Bartlett
                                                 Case Manager