UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP,

       Plaintiff,                    CIVIL ACTION NO. 11-CV-12146

  vs.                                    DISTRICT JUDGE DENISE PAGE HOOD

MICHIGAN DEPARTMENT OF       MAGISTRATE JUDGE MONA K. MAJZOUB
CORRECTIONS, et al.,

       Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR PERMISSION TO SUPPLEMENT
COMPLAINT (DOCKET NO. 30)**

This matter comes before the Court on Plaintiff's Motion for Permission to Supplement Complaint. (Docket no. 30). Defendants did not file a response and the time for responding has expired. All pretrial matters have been referred to the undersigned for action. (Docket no. 8). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The motion is ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

Plaintiff asks for an order permitting him to supplement his complaint pursuant to Federal Rule of Civil Procedure 15(d) based on events that occurred on and after the filing of his complaint. Plaintiff's supplemental complaint would add Resident Unit Officers T. Morey, "Jane" Funches, and "Jane" Haynes-Love; Assistant Resident Unit Supervisor Kelly Holden; Resident Unit Manager Richard Cady; Classification Director Corby DeForest; Physician's Assistant "Jane" Neff; Hearing Investigator Joel Salinas; Grievance Coordinator Larry McMillan; Sergeant A. Holmes; Assistant Deputy Warden Jenny Engstrom; Deputy Warden Joe Barrett; and Warden Debra Scutt. Plaintiff's

1

proposed supplemental complaint raises multiple new allegations, including claims of First Amendment violations for retaliation and denial of access to the courts, Eighth Amendment deliberate indifference allegations, Fourteenth Amendment Equal Protection claims, conspiracy claims under 42 U.S.C. § 1983 and state law, and allegations of intentional infliction of emotional distress.

Federal Rule of Civil Procedure 15(d) governs supplemental pleadings and provides that the court may, on just terms, permit a party to serve a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A party may, in his supplemental pleading, add a new party if necessary. *Griffin v. Cnty. Sch. Bd.*, 377 U.S. 218, 227 (1964). In considering whether to allow a plaintiff to supplement or amend his complaint, the Court should consider (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of amendment. *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001) (citation omitted); *Bromley v. Michigan Educ. Ass'n-NEA*, 178 F.R.D. 148, 154 (E.D. Mich. 1998).

The Court has reviewed the record, Plaintiff's brief, and exhibits attached to the brief in this matter and determines that Plaintiff's Motion to Supplement his Complaint should be denied. Since the filing of Plaintiff's original complaint in May 2011, seven of the ten named Defendants have been dismissed from this action, and two of the remaining three Defendants have a Motion for Summary Judgment pending with the Court. Plaintiff's allegations in his proposed supplemental complaint raise new claims against new Defendants which are in large part unrelated to the claims made in Plaintiff's original complaint. Furthermore, Plaintiff waited eight months before filing his

Motion for Permission to Supplement his Complaint despite the fact that he claims Defendants almost immediately began a campaign of retaliation after he filed his complaint. The Court finds that these factors weigh heavily against allowing the filing of the supplemental complaint. Accordingly, the Court concludes that Plaintiff's motion should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Permission to Supplement Complaint (docket no. 30) is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 13, 2012                s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Horace Crump and Counsel of Record on this date.

Dated: June 13, 2012                s/ Lisa C. Bartlett
                                    Case Manager