UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**HORACE CRUMP,**

      **Plaintiff,**     CIVIL ACTION NO. 11-CV-12146

VS.     DISTRICT JUDGE DENISE PAGE HOOD

**MICHIGAN DEPARTMENT OF**     MAGISTRATE JUDGE MONA K. MAJZOUB
**CORRECTIONS et. al.,**

      **Defendants,**
_____/

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION:**     The action against Defendant Darus Salam should be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff fails to state a claim upon which relief may be granted.

**II.     REPORT:**

This matter comes before the Court on the Court's duty to screen complaints filed by plaintiffs proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). It is the Court's duty to dismiss any claim by such a plaintiff if the Court determines that it fails to state a claim upon which relief may be granted. *Id.*

Plaintiff has been granted *pauperis* status and is proceeding *pro se*. (Docket nos. 1, 6). For purposes of this report, "Defendant" shall refer only to Defendant Darus Salam, an approved vendor of Islamic materials for the Michigan Department of Corrections (MDOC). (Docket no. 1). Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendant deprived him of constitutionally protected rights by providing materials that incite hate and violence against Shi'a Muslims. (Docket no. 1).

A claim under 42 U.S.C. § 1983 requires a showing that the plaintiff was deprived of constitutionally protected rights by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). "[W]hen private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Evans v. Newton,* 382 U.S. 296, 299 (1966)). Defendant's functions as an MDOC vendor are not "governmental in nature." *See Crump v. Caruso*, No. 09-CV-194, 2009 WL 3270075, at *3 (W.D. Mich, Oct. 8, 2009) ("Darus-Salam Publications is an MDOC-approved vendor....Simply 'MDOC-approved' and providing materials to prisoners does not render them 'state actors' for purposes of § 1983.").

Because Defendant Darus Salam is not a state actor, Plaintiff's § 1983 claim fails to state a claim upon which relief may be granted. The court should therefore dismiss Darus Salam as a Defendant pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2),

a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 6, 2012      s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Horace Crump and Counsel of Record on this date.

Dated: August 6, 2012      s/ L. Bartlett
                           Case Manager