UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP,

        Plaintiff,                              CIVIL ACTION NO. 11-CV-12146

  vs.                                        DISTRICT JUDGE DENISE PAGE HOOD

MICHIGAN DEPARTMENT OF         MAGISTRATE JUDGE MONA K. MAJZOUB
CORRECTIONS, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. RECOMMENDATION:** This Court recommends that Defendants Caruso and Martin's motion for summary judgment (docket no. 35) be granted.

**II. REPORT:**

This matter is before the Court on Defendants Caruso and Martin's motion for summary judgment. (Docket no. 35). Plaintiff filed a response. (Docket no. 37). All pretrial matters have been referred to the undersigned for action. (Docket no. 8). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). The Court is ready to rule on the motion.

**A.    Facts and Procedural History**

Plaintiff Horace Crump, a state prisoner currently incarcerated at the G. Robert Cotton Correctional Facility ("JCF") in Jackson, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of the First, Eighth, and Fourteenth Amendments of the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*. (Docket no. 1). Defendants are former MDOC Director Patricia Caruso

and Correctional Facilities Administration ("CFA") Special Activities Coordinator Michael Martin. All other Defendants have been dismissed. On August 15, 2012 the Court dismissed all monetary damage claims against Defendants Caruso and Martin in their official capacities and all claims under the Religious Land Use and Institutionalized Persons Act. (Docket no. 47). Plaintiff seeks damages and declaratory and injunctive relief based on Defendants' alleged constitutional violations.

Plaintiff is a Shi`a Muslim who alleges that Defendants endorsed the Wahhabi sect of the Islamic religion, an allegedly anti-Shi`a sect, and by doing so created a dangerous environment for Shi`a Muslims. (Docket no. 1). He alleges that Defendants Caruso and Martin "deferred" to others regarding the needs of Muslim prisoners. (Docket no. 1, ¶ 7). He alleges that Defendants approved the selection of a Wahhabi vendor to distribute Islamic materials to inmates. (Docket no. 1, ¶ 9). Plaintiff states that the vendor's materials contain lies about and incite violence against Shi`a Muslims. (Docket no. 1, ¶ 10). Plaintiff further claims that Defendants were aware that he was the victim of an assault by Wahhabi prisoners who were reacting to hate materials Defendants allowed the vendor to distribute, but they did nothing to change the circumstances they created. (Docket no. 1, ¶ 11). He claims he was transferred to JCF after he identified JCF as a Wahhabi stronghold and requested an investigation into anti-Shi`a conditions at Lakeland Correctional Facility. (Docket no. 1, ¶¶ 12-13). He states that Wahhabi prisoners threatened him and physically assaulted him for participating in religious activities. (Docket no. 1, ¶¶ 13-21). He further claims that Defendants were aware that he was stabbed by an unknown prisoner but did nothing. (Docket no. 1, ¶ 18-20). Plaintiff claims that Defendants have recognized and endorsed the Wahhabi sect while refusing to give departmental recognition to the Shi`a sect. (Docket no. 1, ¶ 28).

**B.     Governing Law**

Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.   Analysis**

This is Defendants' second motion for summary judgment. Defendants' first motion for summary judgment was filed on August 15, 2011 and alleged that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (Docket no. 14). This Court reviewed Defendants' first motion and concluded that a genuine issue of material fact remained as to whether Plaintiff exhausted his claims against Defendants Caruso and Martin. (Docket no. 23). That recommendation was adopted on March 26, 2012. (Docket no. 31). On April 11, 2012 the Court entered a Scheduling Order setting April 5, 2013 as the deadline for filing dispositive motions. (Docket no. 34). At the time the Scheduling Order was entered, the only other Defendant left in this case was Darus Salam and that Defendant had yet to file an answer or otherwise appear in the case.

Defendants' second motion for summary judgment was filed on April 16, 2012 without leave of Court. (Docket no. 35). E.D. Mich. LR 7.1(b)(2) states that "[a] party must obtain leave of court to file more than one motion for summary judgment." In many cases, a party's failure to follow the

3

local court rules and obtain leave is fatal to a second motion for summary judgment. *Murphy v. Lockhart*, 826 F. Supp. 2d 1016, 1037 (E.D. Mich. 2011). Here, however, Defendants may have been mislead by the Court's Scheduling Order setting a dispositive motion cutoff date and allowing for additional time to take discovery. Because of the potential confusion caused by the Scheduling Order, the Court will consider Defendants Caruso and Martin's second motion for summary judgment as if the Defendants had requested and been granted leave to file the motion.

Defendants argue that Plaintiff failed to make a showing that Defendants Caruso or Martin were personally involved in the activity that forms the basis of the complaint. It is well established that a defendant cannot be held liable under § 1983 absent a showing that he or she was personally involved in, or otherwise authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct and that such acquiescence was a proximate cause of the plaintiff's harm. *Siggers v. Campbell*, 652 F.3d 681, 695 (6th Cir. 2011). Moreover, it is not enough for a plaintiff to allege that a defendant merely failed to act. Rather, the plaintiff must demonstrate that supervisory defendants were actively engaged in unconstitutional behavior. *Id*. (citations omitted).

Plaintiff contends that Defendants Caruso and Martin recognized and endorsed the Wahhabi sect while refusing to give departmental recognition to the Shi`a sect. (Docket no. 1, ¶ 28). He also claims that Defendants deferred to others and approved the selection of a Wahhabi vendor to distribute Islamic materials to inmates, and that this vendor disbursed religious materials that contained lies and incited violence against Shi`a Muslims. (Docket no. 1, ¶¶ 9, 10).

The religious practices of prisoners is governed by Michigan Department of Corrections (MDOC) Policy Directive 05.03.150. Plaintiff attached a copy of this policy to his complaint. The policy states that a prisoner or group of prisoners may request formal recognition of a religious

4

group by submitting a written request to the Warden, FOA Regional Administrator, or other designee as appropriate. (MDOC PD 05.03.150 at ¶ L). The Warden or FOA Regional Administrator is responsible for referring the request to the CFA Special Activities Coordinator for review. The CFA Special Activities Coordinator must present the request to the Chaplaincy Advisory Council (CAC) for additional review if needed. The CFA Special Activities Coordinator must then forward his or her recommendation, and that of the CAC if applicable, to the CFA Deputy Director for a final determination. (MDOC PD 05.03.150 at ¶ L). "The CFA Deputy Director shall make the final decision as to whether a religious group will be granted Department recognition and, if so, whether group religious services and activities and personal religious property will be allowed." (MDOC PD 05.03.150 at ¶ M).

Prisoners are allowed to receive religious materials within the correctional facility from the institutional chaplain. (MDOC PD 05.03.150 at ¶ HH). Institutional chaplains shall ensure that religious reading material from a variety of religious groups are available for prisoner use. "Wardens shall authorize vendors from which prisoners may purchase religious reading materials and other approved religious materials for each religious group recognized by the Department." (MDOC PD 05.03.150 at ¶ MM).

According to MDOC PD 05.03.150, Defendants Caruso and Martin are not the individuals responsible for authorizing religious vendors or for granting Department recognition to a religious group. There is no evidence to show that they actively engaged in, authorized, approved, or knowingly acquiesced in unconstitutional conduct. Accordingly, it is the undersigned's opinion that Plaintiff failed to demonstrate that these Defendants were personally involved in any constitutional wrongdoing.

Furthermore, to the extent Plaintiff alleges a claim for retaliatory transfer, he has not demonstrated that Defendants Caruso or Martin were personally involved in the decision to transfer Plaintiff to JCF. His claims that Defendants failed to take action after his assault and failed to do anything to change the hostile environment of the prison that was allegedly caused by the religious materials also fails. The undersigned recommends that Defendants Caruso and Martin be dismissed from this action. Because they are the last remaining Defendants in this case Plaintiff's complaint should be dismissed.

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address

...

each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated:  January 11, 2013             s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Horace Crump and Counsel of Record on this date.


Dated: January 11, 2013              s/ Lisa C. Bartlett
                                     Case Manager