UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HORACE CRUMP,

        Plaintiff,

v.	Case No. 11-CV-12146
	Honorable Denise Page Hood

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

        Defendants.

_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS CARUSO AND MARTIN'S MOTION FOR SUMMARY JUDGMENT**

**I.	INTRODUCTION**

Now before the Court is Magistrate Judge Mona K. Majzoub's Report and Recommendation recommending that the Court grant Defendant Patricia Caruso and Michael Martin's Motion for Summary Judgment. Plaintiff Horace Crump filed an objection to the Report and Recommendation, to which Defendants filed a response. For the reasons stated below, the Court accepts the Report and Recommendation in its entirety, grants Defendants' Motion for Summary Judgment, and dismisses this case.

**II.	BACKGROUND**

The facts of this case have been described in great detail more than once.[1] Plaintiff makes no objection to the Magistrate Judge's findings of fact. The Court adopts the report and recommendation's findings of fact in their entirety.

**III.	STANDARD OF REVIEW**

---

[1] *See* Report and Recommendation, Case No. 11-12146, Docket No. 23

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Objections to the Report and Recommendation must be timely and specific. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) ("The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.") "[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Necessarily, a party's failure to file any objections waives his or her right to further appeal, *Id.,* and relieves the Court from its duty to review the matter independently. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**IV.    ANALYSIS**

Plaintiff makes several objections to the Report and Recommendation. Plaintiff first objects to the Magistrate Judge's decision to consider Defendants' second Motion for Summary Judgment because Defendants failed to obtain prior leave from the Court. The Magistrate Judge noted that "Defendants may have been mislead by the Court's Scheduling Order setting a dispositive motion cutoff date and allowing for additional time to take discovery." [Docket No. 56, Pg ID 750] The Local Rules provide that a party must obtain prior leave before filing a successive motion for summary judgment. E.D. Mich. L.R. 7.1(b)(2). The Court recognizes that in many cases "[t]he

failure to obtain such leave is fatal to the defendant's second motion for summary judgment", *Murphy v. Lockhart*, 826 F. Supp. 2d 1016, 1037 (E.D. Mich. 2011), however, the local rule does not mandate dismissal. Furthermore, "[m]atters of docket control . . . are within the sound discretion of the district court. The court of appeals will not interfere with the trial court's control of its docket except upon the clear showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *Jones v. Northcoast Behavioral Healthcare Sys.*, 84 Fed. Appx. 597, 599 (6th Cir. 2003) (citing *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996)). The Court reviewed the Magistrate Judge's April 11, 2012 Scheduling Order and finds that the possibility that Defendants were mislead is reasonable. The Scheduling Order was filed after several defendants were dismissed from the case and provides date cut-offs for discovery and dispositive motions. Defendants could reasonably believe that the Court was allowing them a second opportunity to file dispositive motions. There is no error. Plaintiff's objection is overruled.

Plaintiff's remaining objections essentially go to the same issue: whether Plaintiff has sufficiently shown that Defendants were personally involved in an alleged constitutional deprivation. The Court joins in the Magistrate Judge's conclusion that Plaintiff has failed to allege any affirmative act of Defendants. "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Plaintiff lists several allegations stating that Defendants did "nothing" and failed to remedy the environment that they allegedly created. The failure to act is not tantamount to the affirmative acts of authorizing, approving, or knowingly acquiescing to unconstitutional conduct. Plaintiff further notes that Defendants misapplied the policy to prevent him from reaching the individual that could

3

grant his request for official Shi'a recognition. The MDOC policy is clear that Defendants do not have the authority to deprive Plaintiff of the recognition that he seeks. The Court finds that there is no liability under § 1983 for allegedly being "deliberately indifferent" and "refusing" to act. Plaintiff's objections to the Magistrate Judge's Report and Recommendation are overruled.

**V.     CONCLUSION**

Accordingly,

**IT IS ORDERED** that Magistrate Judge Mona K. Majzoub's Report and Recommendation [Docket No. 56, filed January 11, 2013] is **ACCEPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [Docket No. 35, filed April 16, 2012] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

**IT IS SO ORDERED**.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  February 26, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 26, 2013, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

4