## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

HORACE CRUMP,

       Plaintiff,

v.                                 Case No. 11-CV-12146
                                     Honorable Denise Page Hood

MICHIGAN DEPARTMENT OF
 CORRECTIONS, et al.,

       Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
## AND/OR RELIEF FROM JUDGMENT

This matter is before the Court on Plaintiff Horace Crump's Motion for Reconsideration and/or Relief from Judgment filed on March 3, 2013. Plaintiff, a state prisoner who is a Shi'a Muslim, filed a pro se civil rights action pursuant to 42 U.S.C §1983 alleging violations of the First, Eighth, and Fourteenth Amendments of the United States Constitution and the Religious Land Use and Institutionalized Persons Act. Plaintiff alleges that Defendants, former MDOC Director Patricia Caruso and Special Activities Coordinator Michael Martin, endorsed the Wahhabi sect of Islam, an allegedly anti-Shi'a sect, and created a dangerous environment for the Plaintiff to practice his faith. On February 26, 2013, this Court accepted the Report and Recommendation (R&R) and granted Defendants' Motion for Summary

Judgment.  Plaintiff then filed the current motion claiming that the Court's Order contained palpable defects because it failed to address key issues and that injustice entitled him to relief from judgment.  Plaintiff's Motion for Reconsideration is denied because he fails to present any palpable defects or satisfy the requirements for relief from judgment.

The Eastern District of Michigan Local Rule 7.1(h)(1) allows a party to file a motion for reconsideration within 14 days after entry of judgment.  "The court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. L.R. 7.1(h)(3).  The court may properly grant a motion for reconsideration if the movant shows that the court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3).  A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 873, 874 (E.D. Mich. 2004).  The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured.

The Plaintiff fails to present any palpable defects that misled the Court or the parties.  Plaintiff relies on previous arguments that the Court has already directly or indirectly ruled upon.  For instance, Plaintiff claims that the Court does not address the Plaintiff's damages.  On page three of the Order, the Court determines that there is no affirmative act by the Defendants that would make them liable for damages to

the Plaintiff.  The Court noted that the Plaintiff failed to show that the Defendants "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Order Accepting Report and Recommendation*, Jan. 11, 2013, p.3.

The Plaintiff also claims that the Court ignores the fact that the Defendants failed to take action or remedy the anti-Shi'a environment that they allegedly created. However, the Court acknowledged the Plaintiff's concern stating that "the failure to act is not tantamount to the affirmative acts of authorizing, approving, or knowingly acquiescing to unconstitutional conduct."    *Order Accepting Report and Recommendation*, Jan. 11, 2013, p.3.

Plaintiff further notes that the Court does not address the claim that the Defendants misapplied the policy to prevent him from reaching the individual that could grant his request for official Shi'a recognition.  Again, the Court discusses the MDOC policy that makes it clear that Defendants do not have the authority to deprive Plaintiff of the recognition he seeks. *Order Accepting Report and Recommendation*, Jan. 11, 2013, p.3.

Since the Plaintiff has failed to present any new arguments, his motion also fails under the Federal Rule of Civil Procedure 60, which grants Relief when one of the following is demonstrated:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not
have been discovered in time to move for a new trial under Rule 59(b);
(3) Fraud (whether previously called intrinsic or extrinsic),
misrepresentation, or misconduct by an opposing party;
(4) The judgment is void;
(5) The judgment has been satisfied, released, or discharged; it is based
on an earlier judgment that has been reversed or vacated; or applying it
prospectively is no longer equitable; or
(6) Any other reason that justifies relief.

The Plaintiff does not to present any basis for the Court to grant relief. He does not

demonstrate how he is being deprived of justice or how being deprived of justice

satisfies one of the above requirements. Instead, the Plaintiff presents issues that have

already been ruled on by this Court to restate his defense.

Accordingly, IT IS ORDERED that Plaintiff's motion for reconsideration

and/or relief from judgment [Docket No. 67, filed March 14, 2013] is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  August 15, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on
August 15, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager